# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| HAROLD TEEL TARTER, #283347 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv53 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION and ORDER DISMISSING

Petitioner Harold Teel Tarter, a prisoner confined in the Texas prison system, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning a prison disciplinary proceeding. The parties consented to disposition of the case by the undersigned.

The present petition does not concern Petitioner's conviction; instead, it concerns disciplinary case number 20050010122 for operating an unauthorized business within TDCJ-CID, a Level Two, Code 15.1 violation of the TDCJ-CID Disciplinary Rules. On September 13, 2004, Petitioner was notified of the charge. He was found guilty of the offense by a disciplinary hearing officer on September 16, 2004. His punishment consisted of 45 days cell restriction, 45 days suspension of commissary privileges, a reduction in his line classification from L2 to L1, and loss of 540 days of good time credit. In the present petition, Petitioner complains that the guilty finding was based on an offense report fabricated in retaliation for Petitioner's filing approximately 2000 grievances between February 2004 and May 2004. Petitioner asserts that the only evidence presented at the hearing was the offense report, Officer Haynes' testimony, and Petitioner's testimony.

**Standards and Discussion**

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time or the imposition of solitary confinement. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Absent atypical punishment, however, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). In *Sandin v. Conner*, the Supreme Court retreated from its earlier conclusion that due process rights must be accorded to inmates before placing them in solitary confinement (515 U.S. at 485); the Court held that the petitioner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest (*Id*. at 486). The Court concluded that the petitioner did not have a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff* and that the regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving a term of from thirty years to life. *Id.* at 487.

**Line Class Reduction, and Loss of Good Time Credit**

Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger the protection of the Constitution. *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000). The loss of good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin*, 515 U.S. at 487. However, the loss of good time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on

mandatory supervision. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). In this case, Petitioner is eligible for mandatory supervision.

### Due Process Rights

Due process requires that in prison disciplinary proceedings a prisoner be provided with advance written notice of the disciplinary charges; an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; a written statement, by the fact finder, of the evidence relied on and the reason for the disciplinary action; and some assistance in the collection and presentation of evidence if either the inmate is illiterate or the case appears complex. *Wolff*, 418 U.S. at 563-70.

Inmates must be afforded written notice of the claimed violation at least twenty-hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. *Id*. at 539. Petitioner does not assert any claim regarding these protections.

### Sufficiency of the Evidence

Federal courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of some facts or any evidence at all. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001); *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986), *cert. denied* 476 U.S. 1117. An initial investigation report and the charging officer's generalized testimony may constitute some evidence supporting a disciplinary hearing finding. *Smith v. Rabalais*, 659 F.2d 539, 546 (5th Cir. 1981), *cert. denied* 455 U.S. 992 (1982).

As Petitioner asserts, the offense report and Officer Haynes' testimony were presented at the

hearing.  Officer Haynes was the charging officer.  The offense report and Officer Haynes' testimony constitute some evidence supporting the disciplinary hearing finding.  *Id*.

He simply did not suffer atypical punishment triggering the protection of the Constitution. Consequently, the petitioner is not entitled to federal habeas corpus relief with respect to the disciplinary case.  Relief should be denied.  The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED WITH PREJUDICE**; and

**ORDERS** that all motions not previously ruled on are denied.

**SIGNED** this **29** day of **July, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE